UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF LANG,<br><br>    Plaintiff,<br><br>v.<br><br>SKYTAP, INC., et al.,<br><br>    Defendants. | Case No. 4:18-cv-01292-KAW<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 20 |

Plaintiff Rudolf Lang filed this action against Defendants Skytap, Inc. and Thor Culverhouse, alleging ten causes of action surrounding the termination of Plaintiff's employment with Defendants. (Defs.' Not. of Removal, Ex. A ("Compl."), Dkt. No. 1.) Pending before the Court is Defendants' motion to compel arbitration. (Defs.' Mot. to Compel, Dkt No. 20.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS Defendants' motion to compel arbitration.

### I. BACKGROUND

Plaintiff entered into an employment agreement with Defendants on December 2, 2013. (Domanico Decl., Ex. 1 ("Emp't Agree't") at 3, Dkt. No. 22-1.) The employment agreement signed by both parties contained an agreement to arbitrate all claims between the parties. (*Id.*) The arbitration agreement provides, in relevant part:

> [A]ny dispute or controversy arising out of, relating to, or concerning any interpretation, construction, performance, or breach of this agreement, will be settled by arbitration to be held in King County, Washington, in accordance with the Employment Dispute Resolution Rules then in effect of the American Arbitration Association. The arbitrator may grant injunctions or other relief in a dispute or controversy. The decision of the arbitrator will be final,

> conclusive, and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The company and I will each pay one-half of the costs and expenses of the arbitration, and each of us will separately pay our counsel fees and expenses.

(Emp't Agree't at 3.) The arbitration agreement provides that both parties agree to arbitrate all claims, including claims for wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, negligent or intentional misrepresentation, negligent or intentional interference with contract, and claims for any other violation of federal, state, or municipal statute. (*Id*.) Both Plaintiff and Defendants may seek equitable relief as necessary from a court of competent jurisdiction. (*Id*.) The Agreement also contains a severability clause, stating that, "if one or more of the provisions in this Agreement is deemed void by law, then the remaining provisions will continue in full force and effect." (*Id*.) Additionally, the offer letter from Defendants to Plaintiff asserts that the arbitration agreement in the employment agreement is a term of Plaintiff's employment. (Domanico Decl., Ex. 2 ("Offer Ltr.") at 5, Dkt. No. 22-2.)

Plaintiff filed this action in Contra Costa County Superior Court on October 6, 2017. (Compl.) Plaintiff asserted claims for: (1) wrongful termination; (2) breach of employment contract; (3) breach of the covenant of good faith and fair dealing; (4) promissory estoppel; (5) failure to pay all wages; (6) intentional interference with contract; (7) intentional misrepresentation; (8) "promise without intent to perform;" (9) intentional infliction of emotional distress; and (10) declaratory relief. (*Id*. at 1.) On February 27, 2018, Defendants removed the action to this Court. (Defs'. Notice of Removal, Dkt. No. 1.)

Defendants filed the instant motion to compel arbitration on August 6, 2018. (Defs.' Mot. to Compel.) Plaintiff filed his opposition on August 20, 2018. (Plf.'s Opp'n, Dkt. No. 26.) Defendants filed their reply brief on August 27, 2018. (Defs.' Reply, Dkt. No. 28.)

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. "Once the Court has determined that an arbitration

2

agreement relates to a transaction involving interstate commerce, thereby falling under the FAA, the court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the dispute falls within that agreement." *Ramirez v. Cintas Corp.*, No. C 04-281-JSW, 2005 WL 2894628, at *3 (N.D. Cal. Nov. 2, 2005) (citing 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

### III. DISCUSSION

This arbitration agreement relates to interstate commerce. Defendant Skytap is a private Washington state company offering a cloud computing service, and in so doing, has employees in twenty-eight states and major facilities in four states. (Colish Decl., at ¶¶ 2-5, Dkt. No. 21.) Therefore, the FAA governs this arbitration agreement[1], and as such, is only unenforceable under state contract law.

In opposing Defendants' motion to compel arbitration, Plaintiff argues that the arbitration agreement is unconscionable, and that no one provision can be severed so as to make the agreement conscionable. (Plf.'s Opp'n at 1, 8-9.) Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1149 (2013). The arbitration agreement must be both procedurally and substantively unconscionable at the time it was made to be unenforceable. *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015); *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). The arbitration agreement, however, does not need to be equally procedurally and substantively unconscionable— "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id*. The Ninth Circuit has recently and routinely applied and upheld this unconscionability analysis. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017); *Mohamed v.*

---

[1] The agreement not only applies to Defendant Skytap, but also to Defendant Culverhouse, as an agent, namely, the Chief Financial Officer, of Defendant Skytap. Defendants assert that the causes of action alleged by Plaintiff against Defendant Culverhouse are inseparable from the causes of action against Defendant Skytap. (Defs.' Mot. to Compel at 5.) Plaintiff does not dispute this assertion.

3

*Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016).

**A. Procedural Unconscionability**

Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. *Pinnacle Museum Tower Ass'n. v. Pinnacle Market Development*, 55 Cal. 4th 223, 246 (2012). To establish procedural unconscionability, Plaintiff must demonstrate that he was surprised by some aspect of the agreement, or that his consent to its terms was obtained under coercion or duress. *Sanchez v. Carmax Auto Superstores Ca., LLC*, 224 Cal. App. 4th 398, 402-03 (2014); *Serpa v. Cal. Suerty Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

   *i. Adhesion Contract*

Plaintiff contends that because the contract was one of adhesion, it is procedurally unconscionable. (Plf.'s Opp'n at 2-3.) Defendants do not dispute this. (Defs.' Reply at 2-3.) An arbitration agreement, however, is "not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis." *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999). Though there is a degree of procedural unconscionability when dealing with an adhesion contract due to the naturally oppressive character of adhesion contracts and the lack of a meaningful choice on the part of the employee, adhesion contracts are not per se unenforceable. *See Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981 (2010); *Grant Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347-48 (2015). "Only when [the agreement's] provisions are unfair does it become unenforceable." *Dotson*, 181 Cal. App. 4th at 975. Thus, even where an adhesion contract is at issue, the court must still find a high degree of substantive unconscionability, in addition to the existing minimal procedural unconscionability due to the adhesiveness of the contract. *Id.* at 982.

The arbitration agreement in question is a standard adhesion contract. It was presented to Plaintiff on a take it or leave it basis, and as a condition of his employment with Defendants. (Dominico Decl. at ¶¶ 6-7.) On the other hand, Plaintiff does not claim to have been surprised by the agreement, nor does he claim to have been "lied to, placed under duress, or otherwise manipulated into signing the arbitration agreement." *Baltazar v. Forever 21, Inc.*, 62 Cal. App.

4th 1237, 1245 (2016) (finding minimal procedural unconscionability where the arbitration agreement was a contract of adhesion but there was no surprise or duress toward plaintiff). On this basis, there is minimal procedural unconscionability.

### ii. American Arbitration Association Rules

Plaintiff also argues that there is additional procedural unconscionability because the agreement "does not provide the rules governing the arbitration or even a means of accessing those rules," relying on *Trivedi v. Curexo Technology Corporation*, 189 Cal. App. 4th 387 (2010). (Plf.'s Opp'n at 3.) The Court disagrees. When rules governing the arbitration are incorporated by reference, procedural unconscionability only exists when those rules are not explicitly stated in the arbitration agreement *and* the express terms of the non-stated rules are questioned by the challenger. *Baltazar*, 62 Cal. 4th at 1246.

In *Trivedi*, the plaintiff claimed procedural unconscionability based on the failure of the defendant to provide plaintiff with the American Arbitration Association ("AAA") rules governing their arbitration agreement. 189 Cal. App. 4th at 393. The court ultimately found the entire agreement unenforceable because there was a high degree of substantive unconscionability in the terms of the agreement, including within the unprovided terms of the AAA rules. *Id*. at 398. In other words, the court was concerned with both the substantive unconscionability of the AAA terms and the procedural unconscionability of not including the AAA rules. *Id.*

In *Baltazar*, the California Supreme Court distinguished *Trivedi*. 62 Cal. 4th at 1246. There, the plaintiff also claimed procedural unconscionability based solely on the failure to provide her with a copy of the AAA rules that would govern any arbitrated employment disputes. *Id*. The court explained that the plaintiff's situation was distinct from Trivedi's because the plaintiff was not challenging the terms of the AAA rules, but rather was only challenging "matters that were clearly delineated in the agreement she signed." *Id.* In so explaining, the court noted that *Trivedi* and the cases that it relies on "stand for the proposition that courts will more closely scrutinize the substantive unconscionability of the terms that were 'artfully hidden' by the simple expedient of incorporating them by reference rather than including them in or attaching them to the arbitration agreement." *Id*. The court refused to consider the defendant's failure to attach the

5

rules when considering the plaintiff's claims of unconscionability. *Id.*

The same distinction is drawn here. Like *Baltazar*, Plaintiff does not challenge the AAA rules; instead, each of Plaintiff's substantive challenges are directed at the explicit language in the arbitration clause—"matters that were clearly delineated in the agreement [he] signed." (Plf.'s Opp'n at 4-8.) Had Plaintiff challenged any unfair provisions hidden in the AAA rules for employment dispute resolution, *Trivedi* might apply to require a closer scrutiny. The failure to provide Plaintiff with a copy of the AAA rules for employment dispute resolution alone does not affect the procedural unconscionability analysis. It maintains its minimal procedural unconscionability as an adhesion contract. Thus, for the agreement to be unenforceable, the Court must find a high degree of substantive unconscionability.

### B. Substantive Unconscionability

"Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th at 246. Terms are unconscionable if they are "overly harsh, unduly oppressive, so one-sided as to 'shock the conscience,' or unfairly one-sided." *Sanchez*, 61 Cal. 4th at 910-11 (internal citations and quotations omitted). The Court must also look for terms that are "unreasonably favorable to the more powerful party" and "provisions that seek to negate the reasonable expectations of the nondrafting party." *Id.* at 911.

#### i. *Choice of Law and Forum Selection*

First, Plaintiff challenges the choice of law provision and the related forum selection clause. (Plf.'s Opp'n at 5-6.) The agreement provides that all arbitration subject to the agreement will be "held in King County, Washington," and that the "internal laws of the state of Washington . . . govern this agreement." (Emp't Agree't at 3.) Plaintiff argues that the forum selection and choice of law provisions, if enforced, would force Plaintiff to forfeit rights that would otherwise be afforded him if he were able to file the suit or arbitrate the claims in California.[2] (Plf.'s Opp'n

---

[2] Plaintiff does not raise any concern or argument as to any burden that might be placed on him by having to travel to Washington State for arbitration. (Plf.'s Opp'n at 5-6.) As such, the Court focuses on the rights that might be waived by enforcing these provisions.

6

at 5-6.) The Court agrees.

The forum selection clause and choice of law provision must be read jointly because they are "inextricably bound up" together. *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 154 (2015) (quoting *Hall v. Superior Court*, 150 Cal. App. 3d 411, 416 (1983)). Together, these provisions ultimately determine whether the statutory rights of a California resident will be upheld or denied. *Id.* A forum selection clause is reasonable if it has "a logical connection with at least one of the parties or their transaction." *Verdugo*, 237 Cal. App. 4th at 147. California courts are inclined to enforce forum selection provisions unless "to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *Id.* Specifically, forum selection clauses with related choice of law provisions "substantially diminish the rights of California residents," especially when the foreign forum is required to completely disregard California law and apply its own law. *Verdugo*, 237 Cal. App. 4th at 149-51; s*ee also Wimsatt v. Beverly Hills Weight Loss Clinic Int'l., Inc.*, 32 Cal. App 4th 1511, 1519-22 (1995) (rejecting a forum selection clause and related choice of law clause because the foreign forum would not be applying California law); *America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 10-11 (2001) (same). Moreover, California courts have recognized that California has a strong public policy to protect its employees from unfair and deceptive business practices, including the non-payment of wages. Cal. Labor Code §§ 200 *et seq*. This public policy is so uncompromising that the California legislature has made the right to compensation for California employees unwaivable. Cal. Labor Code § 219.

While the burden of proving why a contractual provision should not be enforced typically is borne by the party opposing enforcement, the burden shifts when the claims at issue are based on unwaivable rights created by the California legislature. *Verdugo*, 237 Cal. App. 4th at 149-51. This shift places higher scrutiny on the clause out of concern that a defendant is attempting to circumvent unwaivable California rights. *Id.* Due to the shift, the party seeking to enforce the forum selection clause with a related choice of law clause "bears the burden to show litigating the claims in the contractually-designated forum 'will not *diminish in any way* the substantive rights afforded . . . under California law.'" *Verdugo*, 237 Cal. App. 4th at 147 (quoting *Wimsatt* 32 Cal.

7

App. 4th at 1520-24) (emphasis added).

In *Verdugo*, the plaintiff's claims were all based on her unwaivable statutory rights under the California Labor Code. *Verdugo*, 237 Cal. App. 4th at 150. The plaintiff had signed an employment agreement which said, in relevant part: "This agreement shall be governed in all respects . . . by the laws of the State of Texas. . . . The sole venue for disputes arising hereunder shall be in Harris County, Texas." *Id*. at 146. After the plaintiff filed suit against her employer in California, the employer moved to dismiss the action based on the forum selection clause. *Id*. The California Court of Appeal shifted the burden from the plaintiff to the defendant "to show litigating the claims in the contractually-designated forum 'will not diminish in any way the substantive rights afforded [California employees] under California Law.'" *Id.* at 147 (quoting *Wimsatt*, 32 Cal. App. 4th at 1520-24). The Court of Appeal ultimately rejected the forum selection clause and related choice of law clause because the defendant could not show that the unwaivable rights of the plaintiff were not at significant risk of being diminished in a Texas court applying Texas law. *Id*. at 162; *see also Wimsatt*, 32 Cal. App 4th at 1519-22 (rejecting a forum selection clause and related choice of law clause because the foreign forum would have abandoned the unwaivable rights of California residents); *America Online, Inc.*, 90 Cal. App. 4th at 10-11 (rejecting a forum selection clause and related choice of law clause because the foreign forum might not have upheld the unwaivable rights of California residents).

Here, the forum selection clause, which requires that the arbitration take place in Washington State, is alone not unreasonable. It is logically connected to Defendants as their principle place of business. (Colish Decl. at ¶ 2.) The related choice of law provision, however, requires Plaintiff to give up California claims. Plaintiff is bringing several causes of action grounded in the California Labor Code, specifically Labor Code §§ 201, 202, 216, and 218.5. (Compl. at 7.) California Labor Code § 219 makes the rights formed under these sections unwaivable. Thus, the nonwaivability of these rights makes the forum selection and related choice of law provisions unenforceable.

Defendants do not dispute this. Instead, they repeatedly state that they have informed Plaintiff that they will not enforce these provisions, but are willing to hold the arbitration in

8

California and apply California law. (Defs.' Mot. to Compel at 11; Defs.' Reply at 5.) This proffer, however, does not rid the original provision of its substantive unconscionability. California law requires that contracts be analyzed for unconscionability "at the time [they are] made." Cal. Civ. Code § 1670.5. At the time this agreement was made, it required Plaintiff to relinquish unwaivable rights under California law as a condition of employment. Defendants cannot meet their burden of showing why this Court should uphold the choice of law provision laid out in the arbitration agreement by offering to sever the problematic terms. The forum selection clause and related choice of law clause is, therefore, substantively unconscionable.

### ii. Attorney's Fee Provision

Attorney's fee provisions are unconscionable when they preclude a plaintiff from recovering attorney's fees that the plaintiff would otherwise be entitled to under statutory law. *Laughlin v. VMware, Inc.*, No. 5:11-cv-00530-EJD, 2012 WL 298230, at *5-6 (N.D. Cal. Feb. 1, 2012). Here, the attorney's fee provision requires each party to pay their own attorney's fees and expenses without any exception for statutes that provide an award of attorney's fee recovery. (Emp't Agree't at 3.) California law, in contrast, requires that the arbitrator will "provide[] for all of the types of relief that would otherwise be available in court." *Armendariz*, 24 Cal. 4th at 102. Both Plaintiff's California Fair Employment and Housing Act claim and California Labor Code § 201.5 claim have a statutory remedy that allows for recovery of attorney's fees when the plaintiff prevails. (Plf.'s Opp'n at 6-7.) Again, Defendants do not dispute this. To deny Plaintiff the possibility of recovering the attorney's fees he would otherwise be entitled to upon prevailing in a court is unconscionable.

### iii. Arbitration Cost-Splitting Provision

"[W]hen an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110-111. The Ninth Circuit has also held that a cost provision requiring the complaining employee to split arbitration fees with the employer 'would render an arbitration agreement unenforceable.'" *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889,
United States District Court
Northern District of California

894 (9th Cir. 2002).

Here, the cost-splitting provision states: "the company and I will each pay one-half of the costs and expenses of the arbitration." (Emp't Agree't at 3.) Defendants do not dispute this provision or that it is substantively unconscionable. Because this arbitration agreement is between an employer and an employee, requiring the employee to pay a cost that would not be required of the employee in court—*i.e.*, half of the costs and expenses of the arbitration—is unconscionable.

### C. Severability of Unconscionable Provisions

Even if substantively unconscionable terms are found in an agreement, they do not automatically render the entire agreement unenforceable. *Serpa*, 215 Cal. App. 4th at 710. A court has discretion to either sever an unconscionable provision from an agreement or refuse to enforce the agreement in its entirety. *Pokorny v. Quiztar,Inc.*, 601 F.3d 987, 1005 (9th Cir. 2010) (citing *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1180 (9th Cir. 2003)). If the arbitration agreement is "not otherwise permeated by unconscionability, the offending provision[s], which [are] plainly collateral to the main purpose of the contract, [can be] properly severed and the remainder of the contract enforced." *Serpa*, 215 Cal. App. 4th at 710 (citing *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1478 (2009)). Thus, an arbitration agreement is unenforceable only when "the only way to cure the unconscionability is 'in effect to rewrite the agreement,' since courts 'cannot cure contracts by reformation or augmentation.'" *Ajamin v. CantoCO2e, L.P.*, 203 Cal. App. 4th 771, 803 (2012) (quoting *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494, 515, fn. 16 (2008)).

The court in *Armendariz* weighed three factors in determining whether the unlawful provisions were severable: (1) whether the provision relates to the agreement's chief objective, (2) whether the arbitration agreement contained "more than one unlawful provision" that would suggest a "systematic effort to impose arbitration on an employee simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage;" and (3) a lack of mutuality that permeated the entire agreement. 24 Cal. 4th at 124-125.

Plaintiff argues that because there is more than one unconscionable provision, the entire arbitration agreement should not be enforced. (Plf.'s Opp'n at 8-9.) On the contrary, courts in this

10

Circuit have found arbitration agreements with two or more unconscionable provisions to be enforceable by severing those unconscionable terms and enforcing the remainder of the agreement. For example, in *Pope v. Sonatype, Inc.*, the court found three terms in an employment agreement to be unconscionable—an injunctive relief carve out, a forum selection clause, and a requirement that the plaintiff pay his own attorney's fees. No. 5:15-cv-00956-RMW, 2015 WL 2174033, at *6-7 (N.D. Cal. Aug. 27, 2015). The court found that each unconscionable term was easily severable, and by severing the three terms was able to enforce the remainder of the agreement. *Id*; *see also Davis v. O'Melveny &* Myers, 485 F.3d 1066, 1084 (9th Cir. 2007) (severing four unconscionable terms); *Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1179 (S.D. Cal. 2011) (severing three unconscionable terms, including an attorney's fee provision). California courts have done the same. *See*, *e.g.*, *Serafin v. Balco Props. Ltd., LLC*, 235 Cal. App. 4th 165, 184 (2015) (severing two unconscionable provisions—a cost-splitting provision and an attorney's fee provision). In such cases, the courts found that even though there was more than one unconscionable provision, those provisions were easily severable because they did not relate to the "agreement's chief objective," nor were the agreements unilaterally binding on one party.

In some instances, courts have been unwilling to enforce an arbitration agreement with more than one unconscionable provision. In such cases, however, the entire agreement lacked mutuality and the severance of any discrete provision would not have removed the taint of unconscionability from the agreement. For example, in *Bridge Fund Capital Corp. v. Fastbucks Franchise Corporation*, the Ninth Circuit found multiple unconscionable provisions in a franchisee agreement, including an unconscionable choice of law and forum selection provision, an unconscionable class action waiver, and multiple terms that constituted an unconscionable lack of mutuality between the parties. 622 F.3d 996, 1005-06 (9th Cir. 2010). The court refused to enforce the entire agreement because, although there were some easily severable terms, the lack of mutuality that permeated the agreement was too pervasive to remove with the severance of a single term. *Id; see also Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1009 (N.D. Cal. 2015) (unwilling to enforce agreement because the three unconscionable provisions were "too numerous and too important to be severed from the whole," including a provision that exempted certain

11

claims by the employer from arbitration); *Assaad v. Am. Nat'l Ins. Co.*, No. C 10-03712 WHA, 2010 WL 5416841, at *10-11 (N.D. Cal. Dec. 23, 2010) (declining to enforce agreement because the agreement would need to be rewritten by the court to rid it of unconscionability). California courts have followed the same reasoning. *E.g.*, *Ajamin*, 203 Cal. App. 4th at 803-04 (unwilling to enforce agreement because it lacked mutuality between the parties with three unconscionable terms, including a term that required the employee to waive special and statutory damages but allowed the employer to seek liquidated damages). In such cases, the courts found that the agreements had terms that lacked mutuality between the parties, causing the courts to refuse to enforce the entire agreements.

Here, the arbitration agreement has a severability clause, allowing the Court to sever the unconscionable terms and enforce the remainder of the agreement. (Emp't Agree't at 3.) Additionally, the arbitration agreement is mutually binding on both parties, making severance an option to cure the substantive unconscionability. (*Id.*) Although there are three provisions that would need to be severed, this Court finds that each of the provisions can be severed without disrupting the agreement's chief objective— for the parties to submit any employment dispute arising between them to arbitration before a neutral arbitrator, subject to the AAA's rules for employment arbitrations. Importantly, none of the terms show a lack of mutuality, as none require Plaintiff to waive rights that are still reserved for Defendants.

First, the forum selection clause and related choice of law clause are easily severable. *See Galen v. Redfin Corp.*, Nos. 14-cv-05229-TEH, 14-cv-05234-TEH, 2015 WL 7734137, at *10 (N.D. Cal. Dec. 1, 2015) (severing the choice of law and related forum selection provisions); *Haisha Corp., v. Sprint Solutions, Inc.*, No. 14cv2773-GPC(MDD), 2015 WL 224407, at *9 (S.D. Cal. Jan. 15, 2015) (same). Moreover, Defendants have agreed to move the arbitration to California and apply California law, thus relieving Plaintiff of any burden that would have been imposed on Plaintiff by having to travel to Washington, and allowing Plaintiff all statutory remedies and protections that he would be afforded in a California court. (Trani-Morris Decl. at ¶ 2, Dkt. No. 23.) Accordingly, the choice of law and forum selection provisions are hereby severed.

1    Second, the attorney's fee provision is also easily severable. *See Grabowski*, 817 F. Supp.
2 2d at 1179 (severing the attorney's fee provision); *Pope*, 2015 WL 2174033, at *6-7 (same);
3 *Serafin*, 235 Cal. App. 4th at 184 (same). With this provision severed, the AAA rules would
4 govern, per the agreement. Under AAA rules, Plaintiff would be able to recover his attorney's fees
5 if he prevails on his claims, in alignment with California law. *See* AAA Employment Arbitration
6 Rules & Mediation Procedures Handbook at 23, https://www.adr.org/Employment (last visited
7 Sept. 5, 2018). The attorney's fee provision is hereby severed.

8    Lastly, the cost-splitting provision is easily severable without disrupting the agreement's
9 chief objectives. *See Castaldi v. Signature Retail Servs., Inc.*, No. 15-cv-00737-JSC, 2016 WL
10 74640, at *14-15 (N.D. Cal. Jan. 7, 2016) (severing the cost-splitting provision); *Laughlin*, 2012
11 WL 298230, at *6-7 (same); *Serafin*, 235 Cal. App. 4th at 184 (same). Again, with the
12 unconscionable cost-splitting provision severed, the AAA rules would govern. Under AAA rules,
13 all costs associated with Arbitration that would not be associated with a suit in court, are covered
14 by the employer, in accordance with California law. *See* AAA Employment Arbitration Fee
15 Schedule at 2, https://www.adr.org/Employment (last visited Sept. 5, 2018). Under the AAA
16 rules, Plaintiff would only be required to pay a $300 filing fee, a cost less than what he would
17 have to pay—and already has paid—for filing the case in court. Additionally, Defendants have
18 agreed "to cover all fees and costs that are associated with the arbitration in accordance with
19 California law." (Trani-Morris Decl. at ¶ 2.) The arbitration cost-splitting provision is hereby
20 severed.

21    Because the unconscionable terms are severed, the Court finds there is no substantive
22 unconscionability.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

Having severed the three substantively unconscionable collateral provisions, the arbitration agreement is now enforceable. Because the procedural unconscionability is minimal, and the substantive unconscionability is eliminated through severance, the Court hereby GRANTS Defendants' motion to compel arbitration. The Court shall stay the proceedings in the instant case pending resolution of the arbitration. 9 U.S.C. § 3.

IT IS SO ORDERED.

Dated: October 24, 2018

KANDIS A. WESTMORE
United States Magistrate Judge